Filing # 45504190 E-Filed 08/22/2016 01:09:28 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

TROYVONNE DAWKINS,

    Plaintiff,

v.

    Case No.:
    Division:

CREDIT CONTROL, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TROYVONNE DAWKINS, by and through undersigned counsel, brings this action against Defendant, CREDIT CONTROL, LLC, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida, and she worked at Defendant's place of business in Hillsborough County.

4. Defendant is authorized to do business in Florida, and operates a debt collection agency in Hillsborough County.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while she was employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was a full-time employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant in or around June 2010.

13. In or around April 2016, Plaintiff requested leave due to a serious health condition brought about by a stillbirth, as she was entitled to do under the FMLA. See 29 C.F.R. § 825.120(4).

14. Plaintiff's FMLA maternity-related leave began in April 2016. Thereafter, Plaintiff submitted an FMLA form indicating that she could return to work on June 27, 2016.

15. Defendant did not provide Plaintiff with a Designation notice as required by 29 CFR §825.300(d).

16. On or around June 20, 2016, Defendant emailed Plaintiff, stating that she must return to work on June 23, with medical clearance, or be terminated.

17. Because Plaintiff had insufficient notice that she was expected to return on June 23, 2016, she was unable to get the medical clearance and return to work. Accordingly, Defendant terminated Plaintiff's employment.

## COUNT I – FMLA INTERFERENCE

18. Plaintiff realleges and readopts the allegations of paragraphs 1 through 17 of this Complaint, as though fully set forth herein.

19. Plaintiff required time off from work to care for herself after a stillbirth.

20. Thus, Plaintiff was an expectant mother who was entitled to special protections under the FMLA, and she required leave protected under the FMLA.

21. Plaintiff exercised her rights under the FMLA, and Defendant interfered with the exercise these rights by terminating her employment in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

22. Defendant's actions were willful and done with malice.

23. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights, in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

24. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 17 of this Complaint, as though fully set forth herein.

25. Plaintiff required time off from work to care for herself after the stillbirth of a child.

26. Thus, Plaintiff was an expectant mother who was entitled to special protections under the FMLA, and she required leave protected under the FMLA.

27. By requesting maternity leave that qualified as protected leave under the FMLA, Plaintiff attempted to exercise her rights under the FMLA.

28. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for attempting to exercise her rights under the FMLA.

29. Defendant's actions were willful and done with malice.

30.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of August, 2016.

                Respectfully submitted,

                */s/ Matthew K. Fenton*
                **MATTHEW K. FENTON**
                Florida Bar Number: 0002089
                **WENZEL FENTON CABASSA, P.A.**
                1110 North Florida Avenue
                Suite 300
                Tampa, Florida 33602
                Direct Dial: 813-223-6413
                Main Number: 813-224-0431
                Facsimile: 813-229-8712
                E-Mail: mfenton@wfclaw.com
                E-Mail: tsoriano@wfclaw.com
                **Attorneys for Plaintiff**